Grace McElroy (CA 366719)
gmcelroy@beneschlaw.com
Benesch, Friedlander, Coplan & Aronoff LLP
100 Pine Street, Suite 3100
San Francisco, California 94111
Telephone: 628.600.2250
Facsimile: 628.221.5828

Attorney for Plaintiff SIMPLE SCIENCE, INC., a Texas Corporation,

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SIMPLE SCIENCE, INC., a Texas Corporation,<br><br>Plaintiff,<br><br>v.<br><br>B-4 LOGISTICS, INC., a Nevada Corporation; A&B EXPRESS LLC, an Ohio Limited Liability Company; and DSV SOLUTIONS, LLC, a South Carolina Limited Liability Corporation,<br><br>Defendants. | Case No.<br><br>**COMPLAINT**<br><br>(Jury Trial Demanded)<br>Courtroom: |

For its Complaint against Defendants B-4 Logistics, Inc. ("B-4"), A&B Express LLC ("A&B") and DSV Solutions, LLC ("DSV") (collectively, "Defendants") Plaintiff Simple Science, Inc. ("Simple Science") states as follows:

**PARTIES**

1. Simple Science is a corporation, organized under the laws of the State of Texas with a principal place of business located in Costa Mesa, California.

2. B-4 Logistics, Inc. ("B-4") is a transportation broker, providing transportation and logistics services.

3. A&B Express LLC ("A&B") is an interstate motor carrier of property, registered with the Federal Motor Carrier Safety Administration.

4. DSV Solutions LLC ("DSV") is a warehousing service.

5. Upon information and belief, B-4 is a Nevada corporation, with a principal place of business at 2881 Business Park Court, Suite 140, Las Vegas, Nevada 89128.

6. Upon information and belief, A&B is an Ohio limited liability company, with a principal place of business located at 20 Bedrock Drive, Monroe, Ohio 45050.

7. Upon information and belief, DSV is a South Carolina limited liability company, with a principal place of business located throughout the United States.

JURISDICTION, VENUE AND APPLICABLE LAW

8. This Court possesses jurisdiction over the subject matter of this action. Simple Science's claims arise under federal law because transportation of property by delivering

motor carrier, for compensation, from California to Texas on or about November 7, 2025, constituted transportation in interstate commerce under 49 U.S.C. § 13102(14) & (23) and § 13501(1)(A).

9. This Court possesses jurisdiction over all other claims in this Complaint pursuant to 28 U.S.C. §1367 as those claims form part of the same case or controversy.

10. This case is governed by the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. § 14706 (the "Carmack Amendment"), because this case concerns goods lost in transit while in the possession of the delivering motor carrier.

11. Because this action is governed by 49 U.S.C. § 14706, and the matter in controversy for each receipt or bill of lading exceeds $10,000.00, exclusive of interest and costs, this Court has original jurisdiction over the claims under 28 U.S.C. § 1337(a).

12. Venue is proper in the Central District of California under 28 U.S.C. § 1391 and 49 U.S.C. § 14706(d)(1) because the subject shipment, transported by Defendant A&B, originated in this District.

## FACTS AND BACKGROUND

13. On or about October 30, 2025, Simple Science purchased $357,439.95 worth of audio equipment (the "Cargo") from Harman Professional Inc. ("Harman").

14. Simple Science engaged B-4 Logistics, Inc. ("B-4") to broker the transportation of the audio equipment.

15. The Cargo was to be shipped from Van Nuys, California and delivered to Carrollton, Texas.

16. However, Harman requested that the audio equipment instead be picked up from Harman's warehouse agent, DSV Solutions LLC ("DSV") in Fontana, California.

17. In exchange for B-4's brokerage services for this shipment, Simple Science agreed to pay B-4 $3,600.00.

18. Upon information and belief, B-4 then engaged A&B Express LLC ("A&B") as the motor carrier to transport the Cargo.

19. A&B is a motor carrier, not a freight broker.

20. The Cargo was to be picked up on November 4, 2025 and delivered on or about November 7, 2025 (the "Shipment").

21. Harman indicated to Simple Science that in order to release the Shipment for transport, A&B's driver was required to recite the Bill of Lading ("BOL") number to DSV and present his identification upon arrival.

22. Harman shared the BOL number with Simple Science and requested the driver's name, presumably for check-in purposes.

23. Simple Science then asked B-4 for the driver's name, which B-4 indicated was "John Eveleigh."

24. Relying on that information, Simple Science provided the driver's name to Harman, who upon information and belief, shared it with DSV.

25. On November 4, 2025, a man identifying himself as "John Eveleigh" arrived at DSV and allegedly indicated that he was a driver with A&B to pick up the Shipment.

26. During the pick-up process, "John Eveleigh" provided his Commercial Driver's License ("CDL") to DSV.

27. Upon information and belief, "John Eveleigh's" CDL was rejected by DSV's system "due to the document appearing to have been tampered with."

28. Despite this rejection, DSV still released the Shipment to "John Eveleigh."

29. The Shipment never arrived in Carrollton, Texas, and to date, has not been located.

30. Upon information and belief, "John Eveleigh," was not affiliated with A&B, used a telephone number that is not actually registered or associated with him, and has a criminal background and history of cargo theft claims against him.

31. Upon information and belief, the BOL listed the incorrect shipping address.

32. It appears that "John Eveleigh" stole the Shipment during transport.

33. "John Eveleigh" was able to steal the Shipment by fraudulently gaining access to A&B's booking system or through B-4's, A&B's, and DSV's negligence.

34. Simple Science suffered damages of no less than $357,439.95 when the Shipment and the Cargo were stolen and never recovered.

**COUNT I**
**Carmack Amendment Claim Pursuant to 49 U.S.C. § 14706 Against A&B**

35. Simple Science adopts and incorporates by reference the allegations contained in paragraphs through as if fully rewritten herein.

36. A&B was to provide carrier services to Simple Science, by transporting the Shipment from California to Texas on or about November 7, 2025.

37. The Cargo was in good order at DSV in California.

38. A&B accepted the Cargo, as delivering carrier.

39. The Cargo was therefore tendered to A&B, in good condition and without exception.

40. The Cargo was not delivered to the destination, rather, the trailer containing the Cargo was stolen.

41. Due to A&B's receipt of the Cargo, and failure to deliver the Cargo in good condition, Simple Science incurred damages in an amount to be determined more fully at trial but believed to be in excess of $357,439.95.

42. Under the Carmack Amendment, 49 U.S.C. § 14706, A&B is liable to Simple Science in the amount of $357,439.95.

**COUNT II (in the alternative)**
**Negligence Against A&B**

43. Simple Science adopts and incorporates by reference the allegations contained in paragraphs through as if fully rewritten herein.

44. As motor carrier, A&B owed a duty to Simple Science to exercise reasonable care in utilizing its IT system management to prevent theft of the shipments tendered to A&B.

45. A&B failed to protect its IT system with adequate security when a fraudulent actor, "John Eveleigh" was able to impersonate an A&B driver and take the Shipment.

46. A&B failed to use reasonable care to protect its IT system.

47. Due to A&B's breach of its duty, "John Eveleigh" was able to obtain possession, custody, and control of the Shipment without authority, causing Simple Science damage of at least $357,439.95.

**COUNT III**
**Breach of Contract Against B-4**

48. Simple Science adopts and incorporates by reference the allegations contained in paragraphs through as if fully rewritten herein.

49. B-4 offered its brokerage services to Simple Science, which included arranging successful transportation of the Shipment to Carrollton, Texas.

50. Simple Science agreed to pay B-4 for its services.

51. A contractual agreement was created between Simple Science and B-4.

52. B-4 failed to perform its obligation when it failed to arrange a successful transport when the Shipment was stolen.

53. B-4's breach caused Simple Science damage of at least $357,439.95.

**COUNT IV (in the alternative)**
**Promissory Estoppel Against B-4**

54. Simple Science adopts and incorporates by reference the allegations contained in paragraphs through as if fully rewritten herein.

55. B-4 promised to provide its brokerage services to Simple Science, which included arranging successful transportation of the Shipment to Carrollton, Texas.

56. B-4 provided Simple Science with the alleged driver's name, which Simple Science reasonably relied upon to be true.

57. Simple Science foreseeably shared the alleged driver's name with Harman to schedule pick up and successful transportation of the Shipment.

58. B-4 failed to fulfill its promise when it provided Simple Science with false or incorrect information.

59. As a result, the Shipment was stolen.

60. Simple Science suffered damages in the amount of at least $357,439.95.

**COUNT V**
**Negligence Against DSV**

61. Simple Science adopts and incorporates by reference the allegations contained in paragraphs through as if fully rewritten herein.

62. As warehouseman, DSV owed a duty to Simple Science to exercise reasonable care in storing and releasing the Shipment for transportation.

63. During DSV's check-in procedure, it became apparent to DSV that "John Eveleigh's" CDL was potentially tampered with and/or fraudulent.

64. Despite this "red flag," DSV failed to use reasonable care when DSV released the Shipment to "John Eveleigh."

65. Due to DSV's breach of its duty, "John Eveleigh" was able to obtain possession, custody, and control of the Shipment without authority.

66. As a result, the Shipment was stolen, causing Simple Science damage of at least $357,439.95.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Simple Science, Inc. respectfully prays for judgment as follows:

1. For the sum of $357,439.95;
2. For attorneys' fees and costs;
3. For prejudgment interest to the extent permitted by law; and
4. For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff Simple Science, Inc. hereby demands a jury trial in the above-entitled action.

Dated: June 26, 2026

Respectfully submitted,

*/s/ Grace McElroy*

GRACE MCELROY (CA 366719)
Benesch, Friedlander, Coplan & Aronoff LLP
100 Pine Street, Suite 3100
San Francisco, CA 94111
Telephone: 628.600.2250
Facsimile: 628.221.5828
gmcelroy@beneschlaw.com

Attorney for Plaintiff SIMPLE SCIENCE, INC., a Texas Corporation,