Grace McElroy (CA 366719)
Benesch, Friedlander, Coplan & Aronoff LLP
100 Pine Street, Suite 3100
San Francisco, California 94111
Telephone: 628.600.2250
Facsimile: 628.221.5828
gmcelroy@beneschlaw.com

Eric Larson Zalud (Pro Hac Vice)
Clare R. Taft (Pro Hac Vice)
Benesch, Friedlander, Coplan & Aronoff, LLP
200 Public Square, Suite 2300
Cleveland, OH 44114
Telephone:216.363.4500
ezalud@beneschlaw.com
ctaft@beneschlaw.com

Cameron W. Roberts (CA 176682)
Roberts & Kehagiaras LLP
210 Yacht Club Way
Redondo Beach, CA 90277
Telephone: 310.642.9800
cwr@tradeandcargo.com

Attorneys for Plaintiff SIMPLE SCIENCE, INC., a Texas Corporation,

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

SIMPLE SCIENCE, INC., a Texas Corporation,

Plaintiff,

v.

B-4 LOGISTICS, INC., a Nevada Corporation; A&B EXPRESS LLC, an Ohio Limited Liability Company; and DSV SOLUTIONS, LLC, a South Carolina Limited Liability Corporation,

Case No. 2:26-cv-07028-AB-RAO

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT A&B EXPRESS LLC'S MOTION TO DISMISS**

Assigned to Hon. André Birotte Jr.
Courtroom: 7B

Hearing Date: December 18, 2026
Time: 10:00 a.m.

Defendants.

Plaintiff Simple Science, Inc. ("Simple Science") by and through undersigned counsel, respectfully requests that the Court deny the Motion to Dismiss Plaintiff's Complaint (the "Motion") filed by Defendant A&B Express LLC ("A&B") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

A&B's Motion to Dismiss fails to recognize the pleading standards as demanded by Rule 12 of the Federal Rules of Civil Procedure. Not only has Simple Science satisfied its burden to adequately plead a claim pursuant to 49 U.S.C. § 14706(a)(1) (the "Carmack Amendment"), or as pled in the alternative, for negligence against A&B, but any decision to dismiss the Complaint at this stage in litigation would be premature and contrary to governing authorities.

In the alternative, Simple Science requests that the Court grant it leave to amend its claims against A&B pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure.

## I. Facts and Background

On or about October 30, 2025, Simple Science purchased $357,439.95 worth of audio equipment (the "Cargo") from Harman Professional Inc. ("Harman"). (Compl. ¶13.) Simple Science engaged Defendant B-4 Logistics, Inc. ("B-4") to broker the transportation of the Cargo from Van Nuys, California to Carrollton, Texas. (*Id.* ¶¶14-15.) Harman requested that the audio equipment instead be picked up from Harman's warehouse agent, Defendant DSV Solutions LLC ("DSV") in Fontana, California. (*Id.* ¶16.) In exchange for B-4's brokerage services for this shipment, Simple Science agreed to pay B-4 $3,600.00. (*Id.* ¶17.)

B-4 engaged A&B as the motor carrier to transport the Cargo. (*Id.* ¶18.) The Cargo was to be picked up on November 4, 2025 and was to be delivered on or about November 7, 2025 (the "Shipment"). (*Id.* ¶20.) Per Harman, in order to release the Shipment for

transport, A&B's driver was required to recite the Bill of Lading ("BOL") number to DSV and present his identification upon arrival. (*Id.* ¶21.)

Harman provided the BOL number and requested the driver's name. (*Id.* ¶22.) B-4 identified the driver for A&B as "John Eveleigh." (*Id.* ¶23.) Relying upon the information provided by B-4, and presumably A&B, Simple Science provided the driver's name to Harman, who upon information and belief, shared it with DSV. (*Id.* ¶24.)

On November 4, 2025, a man identifying himself as "John Eveleigh" arrived at DSV and indicated that he was a driver with A&B to pick up the Shipment. (*Id.* ¶25.) The Shipment was released to John Eveleigh by DSV. (*Id.* ¶¶27-28.) It appears that John Eveleigh was not affiliated with A&B, despite being identified as the A&B driver by B-4 and despite John Eveleigh holding himself out as the A&B driver. (*Id.* ¶30.)

The Shipment never arrived in Carrollton, Texas, and to date, has not been located. (Compl. ¶ 29.) It appears that "John Eveleigh" stole the Shipment during transport after fraudulently gaining access to A&B's booking system or through B-4's system, due to A&B's, and DSV's negligence. (*Id.* ¶¶ 32-33.) Simple Science suffered damages of no less than $357,439.95 when the Shipment and the Cargo were stolen and never recovered. (*Id.* ¶ 34.)

Simple Science instituted the instant action on June 26, 2026, against A&B, B-4 and DSV. Simple Science asserted claims against A&B pursuant to the Carmack Amendment, or in the alternative, negligence. (Compl. ¶¶ 35-47.) Simple Science has satisfied its burden to state claims against A&B pursuant to the Carmack Amendment, or in the alternative, for negligence.

## II. Law and Argument

### A. <u>The Complaint Meets the Pleading Standards of the Federal Rules of Civil Procedure.</u>

A motion to dismiss for failure to state a claim merely tests the sufficiency of the complaint; it does not decide the merits of the case. *Navarro v. Block,* 250 F.3d 729, 732

(9th Cir. 2001). As a result, on a motion to dismiss, the Court must construe the complaint in the light most favorable to the plaintiff and accept all factual allegations as true, as well as all reasonable inferences to be drawn from them. *Id.* (citing *Cahill v. Liberty Mut. Ins. Co.,* 80 F.3d 336, 338 (9th Cir. 1996)). A court should not grant a motion to dismiss unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Id.* (*see also Conley v. Gibson*, 355 U.S. 41, 45–46 (1957)). "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations and "heightened fact pleading of specifics" is not required to survive a motion to dismiss. *George v. New Century Mortgage Corp.*, No. C10–03928 HRL, 2010WL4056014, at *2 (N.D. Cal. Oct. 14, 2010) (citing *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "Rather, the complaint need only give "enough facts to state a claim to relief that is plausible on its face." *Id.* (citing *Twombly*, 550 U.S. at 570). "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *J.K.J. v. City of San Diego*, No. Civ.A.2:06CV1517-LDD, 2010 WL 738178, at *2 (S.D. Cal. Feb. 13, 2010) (citing *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009)). As set forth more fully below, the Complaint clearly meets Rule 12(b)(6)'s pleading requirements.

**B. Simple Science Pled a Cognizable Claim Against A&B.**

The Federal Rules of Civil Procedure only require that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Indeed, the rule does not require detailed factual allegations and simply requires the plaintiff to allege more than an "unadorned, conclusory accusation of harm." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Furthermore, long-standing precedent is clear that at the pleading stage, factual allegations do not need to be overly detailed but "must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly,* 550 U.S. at 555.

Courts understand that a plaintiff has sufficiently pled its claim so long as it puts the defendant on fair notice of the nature of the claims that are asserted against it and the grounds upon which those claims rest. *Biggins v. Wells Fargo & Co.,* 266 F.R.D. 399, 400 (N.D. Cal. 2009) (citing *Twombly,* 550 U.S. at 555). A plaintiff's allegations are sufficient when they put the defendant on notice of the nature of the claims asserted against them. *Id.*

Here, the Complaint plausibly alleges a cause of action against A&B pursuant to the Carmack Amendment, or in the alternative, for negligence: A&B, as motor carrier, failed to deliver the Cargo in good condition or, alternatively, failed to use reasonable care in managing its IT systems, allowing an imposter to use information about the Shipment to obtain the Cargo, resulting in damages to Simple Science. (*See generally* Compl.)

***1. A&B is liable pursuant to the Carmack Amendment***

"The Carmack Amendment 'codifies the common-law rule that a carrier, though not an absolute insurer, is liable for damage to goods transported by it unless it can show that the damage was caused by (a) the act of God; (b) the public enemy; (c) the act of the shipper himself; (d) public authority; (e) or the inherent vice or nature of the goods.'" *Continental Ins. Co. v. Premier Transp. and Warehousing, Inc.*, No. LA CV17-07280 JAK, 2019 WL 862871, at *3 (C.D. Cal. Nov. 15, 2019) (quoting *Mo. Pac. R.R. Co. v. Elmore & Stahl*, 377 U.S. 134, 137 (1964)). "A prima facie showing of liability under the Carmack Amendment arises when a shipper shows 'delivery [to a carrier] in good condition, arrival in damaged condition, and the amount of damages.'" *Id.* (quoting *Mo. Pac. R.R. Co.*, 377 U.S. at 138). "The burden then shifts to the carrier to show that it was not negligent and that the damage was due to a cause that is excepted from coverage." *Id.*

Simple Science has met its burden to satisfy the requirements for pleading a claim against A&B pursuant to the Carmack Amendment. A&B is a motor carrier. (Compl. ¶ 19.) A&B was engaged by B-4 to serve as motor carrier to transport the Cargo. (*Id.* ¶ 18.) A&B failed to deliver the Cargo in good condition. (*Id.* ¶¶ 29, 40-41.) In fact, the Cargo was lost entirely. As set forth above, Mr. Eveleigh identified himself as the driver for A&B when

he picked up the Cargo. (*Id.* ¶ 30.) As alleged, the Cargo was therefore tendered to and received by A&B, a motor carrier, at that point. (*Id.*) Simple Science has set forth sufficient allegations in the Complaint to state a prima facie claim for liability pursuant to the Carmack Amendment. *See Freight Connections, Inc. v. Express Hound, LLC*, No. 22cv1668, 2022 WL 16362467, at *10 (D.N.J. Oct. 22, 2022) (finding that while plaintiff's complaint alleged that defendant was a carrier and a broker, "the Court is not in a position, at this time, to definitively rule on the 'inherently fact intensive' issue of the [defendant's] role in this particular transaction" and declining to dismiss the case).

Furthermore, whether Mr. Eveleigh's receipt of the Cargo, after B-4 identified him as the A&B driver and he held himself out as A&B's driver, constitutes delivery of the Shipment to, or receipt of the Shipment by, A&B is a question of fact. In *Beecher's Handmade Cheese, LLC v. New Sound Transportation, LLC*, No. 21-12809, 2022 WL 3681258, (D.N.J. Aug. 25, 2022), the court found that the question of whether a party has accepted responsibility for ensuring the delivery of goods as a motor carrier "is ultimately one of fact." "At the motion to dismiss stage, '[i]t is inappropriate ... to make any factual determinations regarding the precise nature of [defendant's] business status and/or activities as to the transactions at issue.'" *Id.* (quoting *Hartford Fire Ins. Co. v. Dynamic Worldwide Logistics, Inc.*, No. 17-553, 2017 WL 3868702, at *2 (D.N.J. Sept. 5, 2017)) (rejecting defendant's argument that Carmack Amendment did not apply because defendant was a freight broker and not a "carrier" and denying motion to dismiss). Thus, the Court must not dismiss Simple Science's Carmack Amendment claim against A&B.

### 2. *In the alternative, A&B is liable for negligence*

First, Simple Science's claim for negligence against A&B is plead clearly *in the alternative* to its Carmack Amendment claim. If Carmack applies, the negligence claim would be preempted by Carmack, hence the pleading *in the alternative*. Second, if the negligence claim is not preempted, then Simple Science has met its pleading burden as to A&B's negligence.

Under California law, the elements of a negligence claim are "duty, breach, causation and damages." *Cnty. of Santa Clara v. Atl. Richfield Co.*, 137 Cal. App. 4th 292, 318 (2006). A&B argues that there is no duty or causation because DSV released the Shipment to Mr. Eveleigh and because Simple Science's harm is not a reasonably foreseeable consequence of A&B's conduct. A&B, as a motor carrier, has the duty to exercise reasonable care in utilizing its IT system management to prevent theft of the shipments entered into A&B's online booking platform. As plead in the Complaint, A&B was engaged by B-4 to be the motor carrier to transport the Cargo. (Compl. ¶18.) At some point, Mr. Eveleigh was apparently able to utilize A&B's booking system and able to hold himself out as an A&B driver to steal the Cargo. (*Id.* ¶¶ 25, 27-28, 30.)

As a motor carrier using digital or online booking systems, A&B has a duty of reasonable care in protecting those systems from hacking that would release information related to the cargo being transported through that booking system. The issue of cybersecurity as to information about the Cargo and the Shipment is analogous to cybersecurity breaches dealing with personal information. *See In re Pacific Seafood Data Security Litigation*, No. 3:25-cv-01921-AR, 2026 WL 3382498, at *6-7 (D. Or. Sept. 30, 2026) (denying a motion to dismiss on plaintiff's cybersecurity negligence and negligence per se claims where plaintiffs alleged a common law duty to use reasonable care to avoid causing foreseeable risk of harm ... when obtaining, storing, using, and managing plaintiff's information). Mr. Eveleigh's actions in impersonating A&B and then stealing the Cargo were a foreseeable result of A&B's weak or inadequate cybersecurity. *See In re Meta Android Privacy Litigation,* 833 F. Supp. 3d 1010, 1032 (N.D. Cal. 2026). While A&B argues that it owed no duty to Simple Science, A&B, as a motor carrier, knows that its online booking and email systems gather valuable cargo information, and yet A&B failed to secure its IT system. *See In re Powerschool Holdings, Inc. and Powerschool Group, LLC Customer Security Breach Litigation*, No. 25-md-03149-BEN-MSB, 2026 WL 764701, at *11 (S.D. Cal. Mar. 18, 2026) (finding that plaintiff adequately pled duty to

protect plaintiff from third party threat actors and foreseeability on negligence claims by alleging that the defendant's cybersecurity vulnerability enabled the breach).

Therefore, these allegations create a plausible claim. Simple Science met its burden in pleading a claim, in the alternative, for negligence against A&B. A&B had a duty to have an IT system management that would prevent theft by third party actors of the shipments tendered to A&B. A&B breached that duty when the IT breach occurred, and the Cargo was stolen.

## III. Conclusion

WHEREFORE, Plaintiff Simple Science, Inc. respectfully requests that the Court deny Defendant A&B Express LLC's Motion to Dismiss. In the alternative, should the motion be granted, Plaintiff Simple Science, Inc. requests leave pursuant to Federal Rule 15(a)(2) to amend its claims against Defendant A&B Express LLC.

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Plaintiff Simple Science, Inc., certifies that this brief contains 2,666 words, which complies with the word limit of L.R. 11-6.1.

*/s/ Grace McElroy*

GRACE MCELROY (CA 366719)
Benesch, Friedlander, Coplan & Aronoff LLP
100 Pine Street, Suite 3100
San Francisco, CA 94111
Telephone: 628.600.2250
Facsimile: 628.221.5828
gmcelroy@beneschlaw.com

Dated: November 25, 2026

Respectfully submitted,

*/s/ Grace McElroy*

GRACE MCELROY (CA 366719)
Benesch, Friedlander, Coplan & Aronoff LLP
100 Pine Street, Suite 3100
San Francisco, CA 94111
Telephone: 628.600.2250
Facsimile: 628.221.5828
gmcelroy@beneschlaw.com

Eric Larson Zalud (OH 0038959)
Clare R. Taft (OH 0076570)
Benesch, Friedlander, Coplan & Aronoff LLP
200 Public Square, Suite 2300
Cleveland, OH 44114
Telephone:216.363.4500
Facsimile: 216.363.4588
ezalud@beneschlaw.com
ctaft@beneschlaw.com

Cameron W. Roberts (CA 176682)
Roberts & Kehagiaras LLP
210 Yacht Club Way
Redondo Beach, CA 90277
Telephone: 310.642.9800
cwr@tradeandcargo.com

Attorneys for Plaintiff SIMPLE SCIENCE, INC., a Texas Corporation,